UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATTA QUINN MITCHELL CDCR # BC0837,<br><br>                                  Plaintiff,<br><br>vs.<br><br>PAUL BENNETT, Supervising Parole Officer, Chula Vista Parole Office; JANE DOE, Parole Officer, Chula Vista Parole Office, Defendants. | Case No.: 3:22-cv-01011-DMS-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1);**<br><br>**(3) DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [ECF No. 5] AS MOOT;**<br><br>**(4) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 6]** |

Kenyatta Quinn Mitchell ("Plaintiff" or "Mitchell"), an inmate currently incarcerated at the San Diego County Jail ("SDCJ"), filed a Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), on July 12, 2022. *See* ECF Nos. 1–2. Then, on August 22, 2022, Mitchell

1

filed a First Amended Complaint ("FAC"), ECF No. 3, and on October 11, 2022, he filed a Motion for Leave to File an Amended Complaint, and a Motion to Appoint Counsel. *See* ECF Nos. No. 5–6. Because Mitchell filed the FAC before the Court screened the original Complaint, the FAC is the operative pleading in this case. *See Lacey v. Maricopa County*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (an amended complaint supersedes the original); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.1990) (same).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Mitchell has submitted a copy of his Inmate Account Activity Report as well as a Prison Certificate completed by an accounting officer at the Kern Valley State Prison, where he was confined at the time he filed the IFP motion. *See* ECF No. 1 at 1; ECF No. 2 at 3–6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show he maintained an average monthly balance of $263.23, and had average monthly deposits of $0.00 credited to his account over the 6-month period immediately preceding the filing of his Complaint. His available balance as of July 7, 2022 was $0.01. *See* Doc. No. 2 at 4.

Therefore, the Court **GRANTS** Mitchell's Motion to Proceed IFP (Doc. No. 2) and assesses no initial partial filing fee because his trust account statement shows he "has no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court directs the agency having custody of Plaintiff to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

/ / /

/ / /

**II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A**

    **A.    Standard of Review**

Because Mitchell is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

///

### B. Plaintiff's factual allegations

Mitchell alleges that he has been "intentionally assaulted and battered by a parolee from [Chuckawalla Valley State Prison] in violation of a restraining order while negligently supervised by [Defendants]." FAC, ECF No. 3 at 3. On May 28, 2016, Mitchell received threatening text messages from an individual he did not know. *Id*. at 5. Mitchell's girlfriend identified the individual texting Mitchell as her former boyfriend who was on parole ("the parolee") and against whom she had a restraining order. *Id.* Sometime between June 1 and 10, 2016, the parolee, who Mitchell does not name, approached Mitchell and his girlfriend while they were waiting for the bus and "became aggressive and belligerent." *Id.* Mitchell and his girlfriend left the area. *Id.*

A few days later, sometime between June 10 to 14, 2016, the parolee confronted Mitchell and his girlfriend at a community resource center, demanded money, and attempted to get Mitchell's girlfriend to go with him. *Id.* at 6. The couple fled, but not before the parolee assaulted Mitchell's girlfriend by grabbing her arm and attempting to kick her feet out from under her. *Id.* at 6–7.

Sometime between June 20 and 30, 2016, the parolee again confronted Mitchell and his girlfriend while they were waiting for a bus. *Id.* at 7. The parolee hit Mitchell in the face and the two struggled, but he and his girlfriend were able to escape by boarding the bus. *Id.* Mitchell urged his girlfriend to report the parolee to his parole officers but she was afraid to do so. *Id.* at 7–8.

Sometime between July 1 and 10, 2016, Mitchell and his girlfriend contacted the parolee's parole officer by phone. *Id.* at 8. No one answered and Mitchell left a message, but it was never returned. *Id.* Then, sometime between July 20 and 30, 2016, Mitchel was arrested "while taking a cell phone from a person at the Metropolitan Transit System [in order] to contact authorities because the Plaintiff's own phone had low-battery life." *Id.* Mitchell claims that "[t]his all occurred under duress due to the defendants inaction to appropriately address the situation involving a parolee who was violating a restraining order and who they were required to be supervising." *Id.*

### C.  42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under section 1983, Burgess must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

### D.  Statute of Limitations

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004);

1 *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. *Jones*, 393 F.3d at 927 (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

It is clear from the face of the FAC that Mitchell was not a prisoner at the time of the alleged Constitutional violations, *see* FAC, ECF No. 3, and thus, he is not entitled to the tolling provisions of § 352.1(a). The last event detailed by Mitchell in his FAC occurred on July 10, 2016, and therefore the statute of limitations for his claims expired at the latest on July 10, 2018. *See id.* at 8. Mitchell filed his original Complaint raising these claims on July 12, 2022, and his FAC on August 22, 2022. *See* ECF Nos. 1, 3. Even if Mitchell was

entitled to the two-year tolling provision of Cal. Civ. Proc. Code § 352.1(a), the statute of limitations for his claims would have expired on July 10, 2020. Consequently, based on the face of Mitchell's own pleading, it is clear his claims fall outside California's two-year statute of limitations, even including all presumed periods of tolling provided by statute. *See Wallace*, 591 U.S. at 391; *Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration).

Mitchell's claims could be considered timely if, in his Complaint, he alleges facts sufficient to show the limitations period may be *equitably* tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

Mitchell states he was arrested sometime between July 20 and 30, 2016. But he has failed to plead any facts which would explain why he did not diligently pursue this claim or what "forces beyond his control" prevented him from filing this action earlier. Thus, he has not plausibly alleged a claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010). Accordingly, the Court finds the running of the statute of limitations is apparent on the face of Mitchell's FAC, and therefore he has failed to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

/ / /

/ / /

**III.  Motion for Leave to File Amended Complaint [ECF No. 5]**

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend their pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In this case, the Defendants have not yet been served. Accordingly, Mitchell was entitled to file his FAC as a matter of course and the Court has deemed Mitchell's FAC as the operative pleading in this case. *See Lacey*, 693 F.3d at 907, n.1; *Hal Roach Studios*, 896 F.2d at 1546. His Motion for Leave to File an Amended Complaint is **DENIED** as moot.

**IV.  Motion for Appointment of Counsel [ECF No. 6]**

Mitchell asks this Court to appoint counsel because he has been granted IFP status,[2] his incarceration will make it difficult to pursue his case, his claims are meritorious, and he is unable to find counsel he can afford. Mot. to Appt. Counsel, ECF No. 6. There is no constitutional right to counsel in a civil case and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Mitchell's FAC demonstrates that while not formally trained in law he is capable of legibly articulating the facts and circumstances relevant to his claims.  Because Defendants have yet to respond to the FAC, a determination regarding the likelihood of success on the

---

[2] At the time Mitchell file his Motion for Appointment of Counsel, he had not yet been granted IFP status.

merits or Mitchell's ability to prosecute this matter is premature. Indeed, the Court has determined at this juncture that his claims are barred by the statute of limitations. Exceptional circumstances warranting appointment of counsel do not exist at this time. *See Agyeman*, 390 F.3d at 1103. Thus, the Court **DENIES** Mitchell's request for appointment of counsel without prejudice to him renewing the request if he wishes to do so at a later stage of these proceedings.

### V. Conclusion and Order

For the reasons explained, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] pursuant to 28 U.S.C. § 1915(a).

(2) **DIRECTS** the Watch Commander of the SDCJ, or the person having custody of Plaintiff, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego County Jail., 1173 Front Street, San Diego, California, 92101.

(4) **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

(5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which

are not re-alleged in an amended pleading may be "considered waived if not repled."). The Clerk of the Court is **DIRECTED** to mail Plaintiff a court approved civil rights complaint form for his use in amending

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

(6) **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 5] as moot.

(7) **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice. [ECF No. 6].

**IT IS SO ORDERED**.

Dated: October 21, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court