UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATTA QUINN MITCHELL CDCR # BC0837,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL BENNETT, Chula Vista Parole Agent; JANE DOE, Chula Vista Parole Agent; CLAUDIA PLASCENCIA, District Attorney; BONNIE DUMANIS, District Attorney; PATRICIA TAITANO VALDOVINOS, San Diego Public Defender; ANGEL NUNEZ, Probation Officer; BETHANY HOGGE, Probation Officer,<br><br>Defendants. | Case No.: 3:22-cv-01011-DMS-RBB<br><br>**ORDER:**<br><br>**(1) SETTING ASIDE JUDGMENT [ECF No. 14];**<br><br>**(2) VACATING AND AMENDING IN PART ORDER DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 60(b) [ECF No. 13]; and**<br><br>**(3) DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) [ECF No. 8]** |

Kenyatta Quinn Mitchell ("Plaintiff" or "Mitchell"), an inmate currently incarcerated at Wasco State Prison ("WSP"), filed a Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), on July 12, 2022. *See* ECF Nos. 1–2. Then, on August 22, 2022, Mitchell filed a First Amended Complaint ("FAC"), ECF No. 3, and on October 11, 2022, he filed a

Motion for Leave to File an Amended Complaint, and a Motion to Appoint Counsel. *See* ECF Nos. No. 5–6.

On October 21, 2022, the Court granted Mitchell's IFP motion, denied his motion to appoint counsel without prejudice, denied his motion to file an amended complaint as moot, and dismissed the FAC because it was filed beyond the statute of limitations. ECF No. 7. Mitchell was given forty-five (45) days to file a Second Amended Complaint ("SAC") which cured the pleading deficiencies outlined in the Court's Order. *Id.*

On November 22, 2022, Mitchell filed an SAC. ECF No. 8. The Court dismissed the SAC without leave to amend on January 12, 2023, because Mitchell's Fifth and Fourteenth Amendment claims in Counts One and Two were filed beyond the statute of limitations, and his Eighth Amendment claim did not state a Constitutional violation. ECF No. 13. Because the Court has determined its January 12, 2023 Order contains an error, the Court **VACATES** its January 12, 2023 judgment, **VACATES** and **AMENDS IN PART** its January 12, 2023 dismissal Order, **DISMISSES** Mitchell's Fifth and Fourteenth Amendment claims pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) without leave to amend, and **DISMISSES** his Eighth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) with leave to amend.

**I. Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to grant relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)&(6). The Ninth Circuit has held that "[t]he district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself." *Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)); *see also Limpin v. McSeveney*, No. 16-cv-02351-AJB-BLM, 2022 WL 10198819, at *1 (S.D. Cal. Oct. 17, 2022) (citing *Fidelity Federal Bank, FSB*, 387 F.3d at 1024)). Rule 60(b)(1) has been interpreted broadly to include judicial errors of law. *Kemp v. United States*, __U.S. __, 142 U.S. 1856, 1865

(2022). Because the Court has discovered an error in its January 12, 2023 dismissal Order, it may correct the dismissal Order and judgment pursuant to Rule 60(b) on its own motion. *Id.*

**II.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A**

    **A.  Standard of Review**

As with his FAC, because Mitchell is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     42 U.S.C. § 1983**

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

**C.     Analysis**

In its October 21, 2022 dismissal Order, the Court warned Mitchell that his SAC must be complete in itself without reference to his original pleading and that any Defendants not named and any claims not re-alleged in the SAC would be considered waived. *See* Order dated Oct. 21, 2022, ECF No. 7; S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Mitchell's SAC, however, contains little or no factual allegations. It consists of vague allegations of wrongful conduct, arguments why the Court's dismissal on statute of limitations grounds is incorrect, and a conclusory statement that his Eighth Amendment rights were violated by the imposition of an excessive fine. *See* ECF No. 8 at 4–6.

1. <u>Statute of Limitations: Counts One and Two</u>

In its October 21, 2022 dismissal Order, the Court explained to Mitchell that his claims were barred by the statute of limitations unless he could establish he was entitled to equitable tolling. *See* ECF No. 7 at 6–8. California's statute of limitations for personal

injury actions is two years, and under California law the statute of limitations for prisoners serving less than a life sentence is tolled for two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing CAL. CIV. PROC. CODE § 335.1); CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Mitchell's claims in his FAC arose out of the circumstances of his arrest which occurred "between July 20 [and] 30th, 2016," and therefore it was clear from the face of the FAC that he was not a prisoner at the time of the alleged Constitutional violations. The Court thus concluded he was not entitled to the tolling provisions of § 352.1(a). FAC, ECF No. 3 at 8; ECF No. 7 at 6–8. Because the last event detailed by Mitchell in his FAC occurred on July 31, 2016, the statute of limitations for his claims expired at the latest on July 31, 2018. *See* ECF Nos. 1, 3. The Court further explained to Mitchell that even if he was entitled to the two-year tolling provision of Cal. Civ. Proc. Code § 352.1(a), the statute of limitations expired on July 31, 2020. ECF No. 7 at 4–6.

In Count One of his SAC, Mitchell claims the Defendants violated his Fourteenth Amendment rights on July 31, 2016, and in Count Two he claims the Defendants violated his Fifth Amendment rights on January 13, 2017. *See* SAC at 1. As discussed above, the two-year statute of limitations for the July 31, 2016 claims expired on July 31, 2018. The two-year statute of limitations for the January 13, 2017 claims expired on January 13, 2019. *Jones*, 393 F.3d at 927; CAL. CIV. PROC. CODE § 352.1(a); *Johnson*, 207 F.3d at 654. With the two-year tolling provision of Cal. Civ. Proc. Code § 352.1(a) applied, the statute of limitations for the July 31, 2016 claims expired on July 31, 2020 and the statute of limitations for the January 13, 2017 claims expired on January 13, 2021. Mitchell has not alleged any new facts in his SAC which would alter the Court's statute of limitations analysis with regard to the claims alleged in Counts One and Two.

The Court told Mitchell in its dismissal Order that his claims could be considered timely if he alleged facts sufficient to show he was entitled to equitable tolling of the statute of limitations, *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993), explaining he would have to meet three conditions to do so: (1) he must have diligently

pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. In his SAC, however, Mitchell has failed to plead any facts which would explain why he did not diligently pursue this claim or what "forces beyond his control" prevented him from filing this action earlier. He simply alleges that "[t]he accruement for the cause of action is now, when the plaintiff knows or has reason to know the wrong on which the action is based," and "on all the dates listed in this Complaint the defendants continually wronged the plaintiff . . . ." SAC, ECF No. 8 at 4–5. He has not plausibly alleged a claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010).

Accordingly, the Court finds the running of the statute of limitations for Counts One and Two is apparent on the face of Mitchell's SAC, and therefore he has failed to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)) (stating that "'A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'")

2. <u>Failure to State a Claim: Count Three</u>

Mitchell alleges in Count Three that the Defendants violated his Eighth Amendment rights on February 23, 2022, by imposing "an excessive fine and punishment without due process of law." SAC, ECF No. 8 at 1, 6. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted," and "'limits the government's power to extract payments, whether

in cash or in kind, as punishment for some offense.'" U.S. Const. amend. VIII; *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (citing *Austin v. United States*, 509 U.S. 602, 609–10 (1993) (internal quotation marks and citation omitted)); *see also Timbs v. Indiana*, __ U.S. __, 139 S. Ct 682, 686–87 (2019) (holding the excessive fines clause applies to the states through incorporation by the Fourteenth Amendment). "[A] fine is unconstitutionally excessive under the Eighth Amendment if its amount 'is grossly disproportional to the gravity of the defendant's offense.'" *Pimentel*, 974 F.3d at 921 (citing *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998)). To determine whether a fine is "grossly disproportional to the underlying offense," a court must consider four factors: "(1) the nature and extent of the underlying offense; (2) whether the underlying offense related to other illegal activities; (3) whether other penalties may be imposed for the offense; and (4) the extent of the harm caused by the offense." *Id.* (citing *United States v. $100,348 in U.S. Currency*, 354 F.3d 1110, 1122 (9th Cir. 2004) and *Bajakajian*, 524 U.S. at 336–37)).

Mitchell has not made sufficient factual allegations to state a plausible Eighth Amendment excessive fines claim because his SAC consists solely of a conclusory statement that an excessive fine has been imposed on him. *See* SAC, ECF No. 8 at 6. He provides no factual allegations for the Court to consider in applying the factors identified by the Ninth Circuit in *Pimentel*. Further, he does not explain what actions any individual defendant took or failed to take which violated his Eighth Amendment rights. An official can only be liable in a § 1983 action for his or her own misconduct. *Iqbal*, 556 U.S. at 677. "A plaintiff must allege facts, not simply conclusions, that show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.")

In order to plead a viable Eighth Amendment claim, Mitchell must provide more than conclusory statements, such as he "received an excessive fine and punishment without

due process of law . . .[which was] due in part to the invidious discrimination by the defendants and conspiring with the other defendants while under color of state law and under the guise of law enforcement." SAC, ECF No. 8 at 6. These statements are not sufficient to plausibly allege an Eighth Amendment violation because they do not contain any individualized allegations against any of the Defendants. *Iqbal*, 556 U.S. at 676; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (stating that an individual's liability under § 1983 "is predicated on his 'integral participation' in the alleged violation") (quoting *Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir. 1996)) Thus, Plaintiff's Eighth Amendment claim must be dismissed sua sponte for failing to state an Eighth Amendment claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### III. <u>Leave to Amend</u>

Because Mitchell has already been provided a short and plain statement of the pleading deficiencies of his Fifth and Fourteenth Amendment claims in Counts One and Two, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend as to Counts One and Two would be futile. *Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). As to the Eighth Amendment excessive fine claim contained in Count Three, however, Mitchell has not been previously notified of his pleading deficiencies and therefore the Court will give him an opportunity to amend his Complaint as to that claim only.

///
///
///

### IV. Conclusion and Order

For the reasons explained, the Court:

(1) **VACATES** its January 12, 2023 judgment.

(2) **VACATES** and **AMENDS IN PART** its January 12, 2023 dismissal Order.

(3) **DISMISSES** Plaintiff's Fifth and Fourteenth Amendment claims (Counts One and Two) pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) without leave to amend.

(4) **DISMISSES** Plaintiff's Eighth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) with leave to amend.

(5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to file an Amended Complaint *as to his Eighth Amendment claim only* which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). The Clerk of the Court is **DIRECTED** to mail Plaintiff a court approved civil rights complaint form for his use in amending

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and his failure to prosecute in compliance with a court order requiring amendment. See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage

///
///
///

1 | of the opportunity to fix his complaint, a district court may convert the dismissal of the
2 | complaint into dismissal of the entire action.")
3 | **IT IS SO ORDERED**.
4 | Dated:  January 25, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court