UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATTA QUINN MITCHELL, CDCR # BC0837,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PAUL BENNETT, Supervising Parole Officer; JANE DOE, Chula Vista Parole Officer; CLAUDIA PLASCENCIA, District Attorney; BONNIE DUMANIS, District Attorney; PATRICIA TAITANO VALDOVINOS, San Diego Public Defender; ANGEL NUNEZ, Probation Officer; BETHANY HOGGE, Probation Officer,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22-cv-1011-BAS-BGS<br><br>**ORDER:**<br><br>**(1) DISMISSING FOURTH AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1) [ECF No. 25];**<br><br>**(2) DENYING MOTION FOR EVIDENTIARY HEARING, APPOINTMENT OF COUNSEL, AND STAY [ECF No. 21]; and**<br><br>**(3) DENYING REQUEST FOR PRELIMINARY INJUNCTION [ECF No. 24]** |

On July 12, 2022, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.) Before the Court could screen that Complaint, he filed a First Amended Complaint ("FAC"). (ECF No. 3.) The FAC alleges Defendants violated his Fifth and Fourteenth Amendment rights when they failed to prevent a parolee from harassing

Plaintiff and his girlfriend. (*Id.* ¶ 19.) The alleged harassment resulted in Plaintiff's arrest after defending himself from the parolee. (*Id.* ¶ 13.) On October 21, 2022, the Court dismissed the FAC because it was filed beyond the statute of limitations. (ECF No. 7.) Mitchell was given forty-five (45) days to file a Second Amended Complaint ("SAC"). (*Id.*)

On November 22, 2022, Mitchell filed a SAC, which made substantially the same allegations as his FAC. (ECF No. 8 at 4–5.) Mitchell also alleged the Defendants violated his Eighth Amendment rights by imposing an excessive fine. (*Id.* at 6.) The Court dismissed Mitchell's Fifth and Fourteenth Amendment claims without leave to amend on January 25, 2023, finding that granting further leave to amend would be futile. (ECF No. 15 at 8.) The Court gave Mitchell forty-five (45) days to file a Third Amended Complaint as to his Eighth Amendment excessive fines claim only. (*Id.*)

On February 27, 2023, Mitchell filed a Third Amended Complaint ("TAC") alleging Defendants violated his Eighth Amendment rights to be free from cruel and unusual punishment. (TAC, ECF No. 20 at 4–5.) He also filed a Motion for an Evidentiary Hearing, a Motion to Appoint Counsel, and a Motion for Stay (ECF No. 21) and a Motion for Preliminary Injunction (ECF No. 24). Subsequently, he filed a Fourth Amended Complaint alleging substantially the same facts and claims but omitting any reference to an excessive fines claim. (Fourth AC, ECF No. 25.)

**I. Screening Pursuant to 28 U.S.C § 1915(e)(2) and § 1915A(b)(1)**

The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing or "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Screening requires the Court to dismiss *sua sponte* a complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from

defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Fourth Amended Complaint alleges an Eighth Amendment violation against Defendants Bennett and Doe and malicious prosecution against all other Defendants. (Fourth AC ¶¶ 22–25.) Plaintiff fails to state a claim.

Plaintiff alleges that he was the victim of threats and physical assaults in 2016, which violated the Eighth Amendment. (Fourth AC ¶¶ 10, 22.) This claim is time barred. Under federal common law, accrual occurs when the plaintiff has a "complete and present cause of action." *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). "For actions under 42 U.S.C. § 1983, courts apply

the forum state's statute of limitations for personal injury actions . . . except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury claims is two years. Cal. Civ. Proc. Code § 335.1. The statute of limitations is tolled for two years for prisoners serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a). Thus, Plaintiff's claim is subject to a two-year statute of limitations with two additional years of tolling due to his incarceration. He alleges the Eighth Amendment violations occurred in 2016, and he filed his initial Complaint in 2022. Thus, the statute of limitations expired before he filed his initial Complaint.

Plaintiff alleges that this cause of action did not accrue until after the conclusion of his criminal prosecution, including his appeals and habeas petitions. This allegation is legally incorrect. The California Code prevents persons charged with an "accusatory pleading" in a criminal case from bringing a "civil action for money or damages against a peace officer . . . based upon conduct of the peace officer relating to the offense for which the accused is charged . . . while the charges against the accused are pending before a superior court." Cal. Gov't Code § 945.3. It further states, "Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court. For the purposes of this section, charges pending before a superior court do not include appeals." *Id.* Therefore, even if the statute of limitations was tolled through Plaintiff's criminal trial, which commenced December 14, 2016, it was not tolled throughout his appeals process. (*See* Fourth AC ¶ 21.) As such, Plaintiff fails to plead the timeliness of his Eighth Amendment claim.

Plaintiff fails to state a malicious prosecution claim. The first element of malicious prosecution requires pleading that the prior proceeding was "pursued to a legal termination favorable to the plaintiff." *See Villa v. Cole*, 4 Cal. App. 4th 1327, 1334 (1992); *cf. Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022) (determining that courts look to state tort law to define malicious prosecution under the Constitution). Plaintiff does not allege that

22-cv-1011-BAS-BGS

his criminal prosecution terminated without a conviction. *See Thompson*, 142 S. Ct. at 1335. Therefore, he fails to state a malicious prosecution claim against any Defendant.

Because the Court has already explained the pleading deficiencies to Plaintiff and given him several opportunities to amend, the Court **DISMISSES** this action without further leave to amend.

## II. Miscellaneous Motions

Plaintiff has filed a document entitled "Motion for Evidentiary Hearing." (ECF No. 21.) In the same Motion, he also seeks appointment of counsel, a stay and abeyance, and relief from judgment until an evidentiary hearing. (*Id.*) Because the Court is dismissing this case without further leave to amend, those motions are **DENIED** as moot.

## III. Request for Preliminary Injunction

Plaintiff is also seeking a preliminary injunction "to protect those rights violated by the defendants and obtain some of the procedural safeguards available from the court to the plaintiff according to the liabilities of the defendants." (ECF No. 24 at 2.) Because the Court dismisses Plaintiff's claims without leave to amend, Plaintiff's Request for Preliminary Injunction is also moot. Moreover, even if the Court had jurisdiction to issue a preliminary injunction, Plaintiff has not carried his burden. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff fails to clear the "low threshold" of screening pursuant to 28 U.S.C § 1915(e)(2) and § 1915A(b)(1). *See Wilhelm*, 680 F.3d at 1123. *A fortiori* Plaintiff fails to demonstrate a likelihood of success on the merits. Accordingly, the Court **DENIES** Plaintiff's Request for Preliminary Injunction. (ECF No. 24.)

## IV. Conclusion and Order

For the reasons explained, the Court:

(1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend these claims would be futile. *See Schmier v. U.S. Ct. of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

(2) **DENIES** Plaintiff's Motion for Evidentiary Hearing and other miscellaneous motions (ECF No. 21) as moot.

(3) **DENIES** Plaintiff's Request for Preliminary Injunction (ECF No. 24).

(4) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

(5) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

DATED: June 13, 2023

Hon. Cynthia Bashant
United States District Judge